UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JOSE ALEMAN,
and other similarly-situated individuals,

    Plaintiff(s),

v.

PASTEUR MEDICAL GROUP, LLC
a/k/a PASTEUR MEDICAL CENTER
and JOSE SOTOLONGO, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JOSE ALEMAN, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants PASTEUR MEDICAL GROUP, LLC a/k/a PASTEUR MEDICAL CENTER and JOSE SOTOLONGO, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JOSE ALEMAN is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant PASTEUR MEDICAL GROUP, LLC a/k/a PASTEUR MEDICAL CENTER (hereinafter PASTEUR MEDICAL CENTER, or Defendant) is a Florida corporation having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. At all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant JOSE SOTOLONGO was and is now, Manager/Supervisor of the Corporation PASTEUR MEDICAL CENTER. Defendant JOSE SOTOLONGO is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JOSE ALEMAN, and other similarly situated employees to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant PASTEUR MEDICAL CENTER provides a complete range of medical services including transportation services. PASTEUR MEDICAL CENTER operates at least 20 Medical Centers throughout Miami, Dade County.

8. Defendant PASTEUR MEDICAL CENTER employed Plaintiff JOSE ALEMAN as a non-exempt driver, approximately from February 8, 2008 to May 31, 2016 or

more than 8 years. However, for FLSA purposes de relevant period of employment is 120 weeks.

9. Plaintiff's wage rate was $9.00 an hour. Plaintiff worked at the medical center located at 3713 NW 7 Street, Miami Florida 33126

10. Plaintiff worked as a driver transporting patients from their homes to the medical center and then returning patients back home. Plaintiff had a regular schedule, and he worked from Monday to Friday 40 hours or more.

11. Plaintiff was paid for some overtime hours. Nevertheless, he was not paid for all the overtime hours at the rate of not less than one and one half times the regular rate at which he was employed.

12. During the relevant period of employment, after completing his daily shift, Plaintiff worked at home every day. On Mondays, Tuesdays, Wednesdays, Thursdays and Sundays, Plaintiff worked making telephone calls to schedule patients to be transported the following day.

13. From Mondays to Thursdays, Plaintiff spent at least 2 hours making these telephone calls; and on Sundays Plaintiff spent at least 3 hours to confirm the transportation of patients for the next Monday. These hours represented 11 off-the clock hours that were not paid at any rate, and constituted unpaid overtime hours.

14. Plaintiff and all individuals similarly situated were paid bi-weekly, and their paystubs never reflected the off-the clock hours worked at home.

15. Therefore, Defendant failed to pay Plaintiff and all individuals similarly situated overtime wages for every hour worked in excess of 40, in violation of the overtime provisions of the Fair Labor and Standards Act.

16. Plaintiff JOSE ALEMAN seeks to recover any unpaid overtime hours, and any other relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

18. Plaintiff JOSE ALEMAN re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff JOSE ALEMAN and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20. This cause of action is brought by Plaintiff JOSE ALEMAN as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff

and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after February 2014, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

21. Defendant PASTEUR MEDICAL CENTER was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides medical services and receive payments from Medicare and Medicaid. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

22. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a driver, and through his daily activities, used the channels of interstate commerce and transported patients recipients of Medicare and Medicaid. Therefore, there is individual coverage.

23. During his period of employment with Defendant, Plaintiff JOSE ALEMAN regularly worked in excess of 40 hours per week. He was paid for some overtime

hours. However, besides his duties as a driver, Plaintiff worked at home in a clerical capacity making and answering phone calls, to and from Defendant's clients, and scheduling patients to be transported the following day. Plaintiff worked at home at least 2 off-the clock hours From Monday to Thursdays; and 3 off-the clock hours on Sundays, for a total of 11 hours per week.

24. Defendant PASTEUR MEDICAL CENTER failed to pay Plaintiff JOSE ALEMAN at least 11 off-the clock hours every week period, which constituted unpaid overtime hours, in violation of the Fair labor Standards Act.

25. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

26. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations includes only 11 off-the clock hours worked at home, during a period of 116 weeks. (Plaintiff has deducted 4 weeks corresponding to April 2016, in which Plaintiff did not work). Adjustments will be made after proper discovery.

  a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

     Seventeen Thousand Two Hundred Twenty-Six Dollars and 00/100 ($17,226.00)

  b. <u>Calculation of such wages</u>:

     Total weeks of employment: 120 weeks

    Relevant weeks of employment:  116 weeks
    Total number of off-the clock hours worked:  11 hours average weekly
    Total number of unpaid off-the clock O/T hours: 11 hours
    Regular rate: $9.00 an hour x 1.5 = $13.50 O/T rate

    O/T rate $13.50 x 11 O/T hours=$148.50 weekly x 116 weeks=$17,226.00

    c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents unpaid off-the clock overtime wages.

27. At all times material hereto, the Employer/Defendant PASTEUR MEDICAL CENTER failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

28. Defendant PASTEUR MEDICAL CENTER knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

29. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

30. At the times mentioned individual Defendant JOSE SOTOLONGO, was the Manager/Supervisor of Defendant Corporation. Defendant JOSE SOTOLONGO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant acted directly in the interest of PASTEUR MEDICAL CENTER in relation to its employees, including Plaintiff and others similarly situated. Defendant JOSE SOTOLONGO had operational control of the business, provided Plaintiff with his work schedule, and work orders and is jointly liable for Plaintiff's damages.

31. Defendants PASTEUR MEDICAL CENTER and JOSE SOTOLONGO willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

32. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JOSE ALEMAN and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants PASTEUR MEDICAL CENTER and JOSE SOTOLONGO on the

basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JOSE ALEMAN and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: February 21, 2017

> Respectfully submitted,
>
> By: **/s/ Zandro E. Palma**
> ZANDRO E. PALMA, P.A.
> Florida Bar No.: 0024031
> 9100 S. Dadeland Blvd.
> Suite 1500
> Miami, FL 33156
> Telephone: (305) 446-1500
> Facsimile: (305) 446-1502
> zep@thepalmalawgroup.com
> *Attorney for Plaintiff*